NEDA FARAH S.B.N. 269819
FARAH LAW, P.C.
8383 Wilshire Blvd, Suite 510
Beverly Hills, CA 90211
310-666-3786 / 775-261-1726
neda@nedafarahlaw.com
Attorney for Plaintiff,
MICHAEL LUPOLOVER

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MICHAEL LUPOLOVER, Individually, and on behalf of similarly situated consumers,

    Plaintiff,

vs.

GUITAR CENTER,

    Defendant.

Case No.:

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Michael Lupolover bring this class action complaint on behalf of himself and on behalf of all others similarly situated against Defendant Guitar Center to stop Defendant's practice of sending unsolicited text messages to telephones of consumers nationwide in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., ("TCPA"), and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows:

**NATURE OF THE ACTION**

1. Guitar Center is a business the principal purpose of which is to sell music equipment.

2. The TCPA strictly forbids nuisance text messages exactly like those alleged in this Complaint – intrusive text messages to private cellular phones whose phone numbers are obtained without prior express consent of call recipients, and texts made to those on the Do Not Call list.

3. The actions of Guitar Center violated the statutory rights of Plaintiff and thousands of other class members.

4. Plaintiff seeks an award of statutory damages under the TCPA, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

6. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

7. Plaintiff is a natural person, who at all relevant times has resided in Miami, Florida.

8. Guitar Center (hereinafter "Defendant") is a corporation doing business in the State of California, and operating from an address at 5795 Lindero Canyon Rd., Westlake Village, CA 91362.

## THE TELEPHONE CONSUMERS PROTECTION ACT OF 1991 ("TCPA") 47 U.S.C. §§ 227 *et seq.*

9. Alarmed by the incessant unsolicited advertising calls, in 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 to cure America of the "scourge of modern civilization." 137 Cong. Rec. 30,821 (1991).

10. The TCPA codified numerous mechanisms with which to stop the solicitations including a provision prohibiting the use of an automatic telephone dialing system to call American

consumers, the obligation upon the caller to adhere to the national Do-Not-Call list, and to create an internal Do-Not-Call list.

11. Perhaps the most heavily litigated issue concerning the TCPA revolves around the exact definition of the phrase "automatic telephone dialing system."

12. The issue has reached our Circuit Court in *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018) in a case alleging violation of the TCPA as a result of text messages received. The Court clarified that a texting platform which stores lists of numbers, and calls those numbers, without human intervention, is considered an automatic telephone dialing system.

### **FACTUAL STATEMENT**

13. This case arises out of numerous solicitation text messages sent by Defendant.

14. Specifically, Since February 2019, Defendant has sent Mr. Lupolover at least seven text messages with solicitations to purchase Defendant's merchandise or engage in its media content.

15. The text messages are generic in nature, and clearly suggest that they are a part of a mass texting campaign.

16. For instance, a text received on April 6, 2019 reads: Guitar Center: Call 866-761-0243 and save up to 15%. Get details http://a2w.mobi/sy/eCedug text STOP to opt out.

17. A text received on May 18 reads: Guitar Center:  This Memorial Day weekend, enjoy special financing, savings on top brands & more, now thru May 26 http://a2w.mobi/sy/eldus Text STOP to opt out.

18. The other texts received are similarly generic in nature.

19. Generic messages such as these are typically sent out simultaneously along with hundreds of other messages.

20. Upon information and belief, Defendant obtained a list of cellular phone numbers, and sent mass solicitations using a phone system that is able to text many numbers simultaneously from a list of previously stored numbers.

21. Mr. Lupolover is not a customer of Guitar Centers, and has never consented to receive any text messages from Defendant.

22. Further, Mr. Lupolover's cellular phone number, 732-221-8181, has been on the Do Not Call list since 2005.

23. None of the text messaging engaged in by Defendant was for the purpose of emergency services.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("the Class"). Plaintiff seeks to represent the following classes:

> ATDS Class: All persons throughout the United States that received text messages from Defendant within four years from the date of filing of this lawsuit, without having express consent to send said messages.
>
> Do Not Call Class: All persons throughout the United States that received text messages from Defendant within four years from the date of filing of this lawsuit that were registered on the national Do Not Call list before receiving the messages.
>
> Internal Call List: All persons throughout the United States that received text messages from Defendant within four years from the date of filing of this lawsuit while Defendant did not maintain any policies related to an internal do not call list.

25. Defendant and its employees or agents are excluded from the Class.

26. Upon information and belief, the class consists of thousands of consumers, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

27. This suit seeks only statutory damages on behalf of the Class. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

28. Joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records.

29. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a. Whether the equipment Defendant, or its agents, used to send the text messages in question was an automatic telephone dialing system as contemplated by the TCPA;

   b. Whether Defendant, or its agents, systematically sent text messages to persons who did not previously provide Defendant with their prior express consent to receive such text messages;

   c. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

   d. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

30. As a person that received at least one unsolicited text message to his cell phone whom never provided consent for Defendant to text him, Plaintiff is asserting claims that are typical of the Class.

31. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interest antagonistic to any member of the Class.

32. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to individually seek legal redress for the wrongs complained of herein.

33. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

34. A class action is a superior method for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. Class-wide damages are essential to induce Defendant's to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant's is small because the maximum statutory damages in an individual action for violation of privacy are minimal, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal

and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

### COUNT 1
### NEGLIGENT AND WILLFUL VIOLATION OF THE TCPA
### 47 U.S.C. § 227(B) *ET SEQ.*

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Defendant utilized a text massage platform that was able to store lists of numbers and then simultaneously dial those numbers in groups.

37. By using such equipment, Defendant was able to effectively send thousands of text messages within an extremely short period of time without human intervention.

38. These messages were sent without the prior express consent of the Plaintiff or other members of the Class to receive such text messages.

39. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

40. As a result of Defendant knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

### COUNT 2
### NEGLIGENT AND WILLFUL VIOLATION OF THE TCPA
### 47 U.S.C. § 227(C)(3)(F)

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The telephone numbers of Plaintiff that received Defendant's solicitations were each used by Plaintiff as residential telephones.

43. The text messages sent by Defendant to Plaintiff were made despite the fact that both Defendants were registered on the National Do Not Call Database.

44. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(C)(5).

45. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(C)(5).

### COUNT 3
### NEGLIGENT AND WILLFUL VIOLATION OF THE TCPA
### 47 CFR 64.1200(C)

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. The telephone number of Plaintiff that received Defendant's solicitations is used by Plaintiff as a residential telephone.

48. The text messages sent by Defendant to Plaintiff were made despite the fact that Plaintiff was registered on the National Do Not Call Database.

49. As a result of Defendant's negligent violations of 47 CFR 64.1200(c), Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(C)(5).

50. As a result of Defendant's knowing and/or willful violations of 47 CFR 64.1200(c) *et seq.*, Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(C)(5).

## COUNT 4
### NEGLIGENT AND WILLFUL VIOLATION OF THE TCPA
### 47 CFR 64.1200(D)

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. Defendant initiated text messages to thousands of prospective customers within four years of this filing.

53. Upon information and belief, during this time period, Defendant had not instituted procedures for maintaining a list of persons who requested not to receive telemarketing calls from Defendant.

54. Each of the calls made to prospective customers therefore violate 47 CFR 64.1200(D).

55. As a result of Defendant's negligent violations of 47 CFR 64.1200(D), Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(C)(5).

56. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(C)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Michael Lupolover, respectfully requests that this Court do the following for his benefit:

1. Enter an Order declaring Defendant's actions, as described above, in violation of the Telephone Consumer Protection Act;

2. Appoint Plaintiff as the Representative for the Classes, and appoint Plaintiff's Counsel as Lead Counsel for the Classes;

3. Enter judgment against the Defendant for statutory and treble damages;

4. Award costs and reasonable attorneys' fees; and,

5. Grant such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demand that Defendant take affirmative steps to preserve all text messages, recordings, data, emails, documents and all other tangible things that relate to the allegations herein, Plaintiffs or the putative class members, or the sending of text messages, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff or the account in question, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demand that Defendant request that such third party also take steps to preserve the materials, and notify the undersigned of the circumstances immediately so that counsel may take appropriate action. This demand shall not narrow the scope of any independent document preservation duties of Defendant.

Dated: June 26, 2020.

/s/ Neda Farah_____

NEDA FARAH S.B.N. 269819
FARAH LAW, P.C.
8383 Wilshire Blvd, Suite 510
Beverly Hills, CA 90211
310-666-3786 / 775-261-1726
neda@nedafarahlaw.com
Attorney for Plaintiff,
Michael Lupolover